UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re: ESTATE OF ETHEL M. MERCER, deceased,

Plaintiff,

v.

DOWNEY SAVINGS & LOAN ASSOCIATION, a/k/a U.S. BANK, a/k/a US BANCORP, a/k/a U.S. BANK NATIONAL ASSOCIATION, et al.,

Defendants.

CASE NO. C10-5177BHS

ORDER OF DISMISSAL

This matter comes before the Court on Defendant U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings & Loan Association, F.A.'s ("U.S. Bank")[1] Motion to Dismiss

[1] U.S. Bank states in its motion to dismiss that:

> According to the allegations in Plaintiff's Complaint, there is one defendant in this action, U.S. Bank. (*See* unnumbered introductory paragraph in Complaint, stating that plaintiff "sues Defendant(s), Downey Savings & Loan Association (a.k.a.), U.S. Bank (a.k.a.), U.S. Bancorp (a.k.a.), U.S. Bank National Association.") While it is not true that all of the named entities are "also known as" each other and are therefore the same entity, for purposes of this Motion to Dismiss U.S. Bank acknowledges that, through the FDIC as Receiver, U.S. Bank is the successor in interest to Downey Saving[s] for purposes of the loan referred to in Plaintiff's Complaint.

Dkt. 4 at 2. Accordingly, the Court will consider Bosworth's allegations against "Downey Savings & Loan Association (a.k.a.), U.S. Bank (a.k.a.), U.S. Bancorp (a.k.a.), U.S. Bank National Association" to be against U.S. Bank. *See* Dkt. 1, Exh. A at 5. The Court notes that at the time of the signing of this order, the Court is unaware of proper service of any other

Amended Complaint (Fed. R. Civ. P. 12(b)(6)) (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby dismisses this action sua sponte for lack of standing.

On February 17, 2010, Bosworth filed her complaint in state court. Dkt. 1, Exh. A. at 4-16. On March 15, 2010, U.S. Bank filed its notice of removal in this Court. Dkt. 1. On March 25, 2010, Bosworth filed her motion to remand (Dkt. 9), and on April 6, 2010, U.S. Bank filed a response (Dkt. 10). On March 18, 2010, U.S. Bank filed its motion to dismiss or to require a more definite statement. (Dkt. 4). On April 30, 2010, the Court issued an order denying Bosworth's motion to remand and granting U.S. Bank's motion to the extent that Bosworth was required to file a more definite statement. Dkt. 12. On May 15, 2010, Bosworth filed an amended complaint. Dkt. 14. On May, 26, 2010, U.S. Bank filed its motion to dismiss the amended complaint (Dkt. 16) and on June 25, 2010, Bosworth filed a response (Dkt. 18).

Under the heading of "Jurisdictional Allegations," Bosworth's amended complaint states that "Joy Bosworth was named Administrator to Ethel Mercer Estates and was authorized by this Court on November 21, 2008." Dkt. 14 at 2. Her amended complaint contains eighteen separate entries under the title "General Factual Allegations." *Id*. at 5-15. Included in the allegations are references to the following: "RCW 61.30.120"; "Making Homes Affordable Program"; "Real Estate Settlement Procedures Act (RESPA)"; "Deceptive Trade Practices"; "Federal and State Fraud Practices statutes"; and "Title 18, United States Code, Section 1001 (1)(2)(3), Intentional Falsehood." *Id*.

In the Court's order of April 30, 2010, it noted that Bosworth failed to make a proper showing that she has standing to seek relief on behalf of "Estates of Ethel M. Mercer–Deceased." In her amended complaint, Bosworth failed to allege any additional facts to show that she does in fact have standing to seek relief on behalf of "Estates of

---

defendants in this case. Bosworth's original complaint was filed in the state court on February 17, 2010. Dkt. 1, Exh. A at 4-16. Therefore, Bosworth had until May 17, 2010, to serve any additional defendants. *See* Fed. R. Civ. P. 4(m); *see also* 28 U.S.C. § 1448.

Ethel M. Mercer-Deceased." The Court lacks subject matter jurisdiction over actions in which the plaintiff lacks standing. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). Therefore, the Court concludes that the action should be dismissed for lack of standing. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (stating that "federal courts are required sua sponte to examine jurisdictional issues such as standing"); *see Bernhardt*, 279 F.3d at 868 (holding that a "district court [has] both the power and the duty to raise the adequacy of [a plaintiff's] standing sua sponte"); *see also* Fed. R. Civ. Proc. 12(h)(3). Because the Court has concluded that Bosworth lacks standing to bring the claims contained in her amended complaint, it does not reach the assertion contained in U.S. Bank's motion to dismiss that such claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Therefore, it is hereby **ORDERED** that the action is **DISMISSED without prejudice** for lack of standing and U.S. Bank's motion to dismiss for failure to state a claim upon which relief can be granted is **DENIED as moot**.

DATED this 20th day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge